J. I. McLeod et al. v. The State.

Decided June 20, 1903.

**1.—Action on Liquor Dealer's Bond.**
    There is no merit in the defense to an action on a liquor dealer's bond that the bond is invalidated by reason of the fact that, at different times, the business authorized by the license was temporarily suspended at the place authorized, and transferred to and carried on at other places without a transfer of the license. The illegal carrying on of business at the unauthorized places could not affect the bond as applying to the place named therein and in the license.

**2.—Practice on Appeal—Assignments of Error.**
    Assignments of error too meager to specifically point out errors complained of, and attended by no sufficient statement, will not be considered on appeal.

Appeal from the District Court of Erath.    Tried below before Hon. W. J. Oxford.

*Nugent & Pannile,* for appellants.

*Lee Riddle, Dick Oxford,* and *J. B. Keith,* for appellee.

STEPHENS, Associate Justice.—This suit was brought by and in the name of the State, for the use of Erath County, on a liquor dealer's bond executed by J. I. McLeod as principal, and others as sureties, covering the sale of malt liquors exclusively to be drunk on the premises, in the town of Victor, Erath County, Texas, as specified both in the bond and license, and resulted in a judgment for $1000 on a verdict finding two infractions of the bond, from which this appeal is prosecuted by all the obligors.

McLeod seems to have applied for and obtained license to sell malt liquors at Victor, April 1, 1901, paying the necessary taxes, but the bond declared on, which also bore date April 1, 1901, was not approved till August 6, 1901.    The petition, which was filed December 13, 1901, alleged various breeches of the bond in August, September and October after its approval, in that a minor, Roll Smith, had been permitted to enter and remain during each of said months in the house at Victor used by McLeod under said license as a beer saloon, and in that McLeod, his agents and servants, had sold beer to said minor there, which allegations, at least to two infractions of the bond, were sustained by the evidence.

Charley Arthur, after taking the stand at the instance of appellants, testified on cross-examination as follows: "I have seen Roll Smith go through the saloon into the restaurant, while I was running the restaurant, in September, 1901, and have seen him sitting in the beer saloon on the benches during said month while Blassengame was running the beer joint." While Blassengame denied in a general way permitting Roll Smith or other minors to enter and remain in the saloon, he did not specifically contradict this statement, and was not himself there all the time, since he went away, leaving his son and others in charge.    Nor

was it contradicted by any other witness. On the contrary, it was corroborated by the testimony of Roll Smith, though he does not seem to have been a trustworthy witness, in view of the contradictions in his own testimony. The evidence also warranted a finding that Blassengame and those left in charge by him were running the saloon for McLeod, and that Roll Smith, to whom beer was sold, was a minor, and known to him to be such.

That there was a breach of the bond in permitting Roll Smith to enter and remain in the saloon was, we think, as indicated above, conclusively established by the evidence. We need not, therefore, consider the alleged error in the charge submitting that issue to the jury.

Appellants sought to invalidate the bond on the alleged ground that the business at Victor had been temporarily moved to Highland after the execution of the bond sued on without any transfer of the license to Highland, and on the further alleged ground that the business at Victor had been temporarily moved to and run at Dublin under the same license and bond during the reunion at Dublin, August 7, 8 and 9, 1901. The contention of the brief seems to be, though the question is presented in a very unsatisfactory manner—so much so that we perhaps ought not to consider it over appellee's objections—that the business at Victor was rendered unlawful by the temporary removals to Highland and Dublin, but we infer from the plea presenting this defense that the business as conducted at Highland and Dublin was unauthorized rather than at Victor. The payment of the tax, execution of the bond and issuance of the license to sell malt liquor at Victor established the right of McLeod to do business there, and the temporary closing of the business at Victor without a valid transfer of the license to do business elsewhere did not forfeit this right. When the breaches complained of occurred the business was carried on at Victor under license and bond naming Victor as the place of business.

Many other questions are raised by the numerous assignments of error, but without overruling the objections made in appellee's brief to these assignments and to the manner of briefing them, which in many instances seem well taken, we hardly think there can be any merit in any of them unless it be the fifth, reading: "The court erred in sustaining the special exceptions of the plaintiff to the plea of non est factum by the defendants, G. B. Maloney, A. M. Maloney and W. J. Wasson, as to the execution and acknowledgment of the bond sued on herein by said last named defendants, as their said plea more fully appears in defendant's trial amendment, filed October 27, 1902, which said plea is hereby referred to and made a part hereof."

Appellee objects to this assignment because "it points out no specific error," etc., and because it is not followed by a suitable statement; and these objections must be sustained. The exceptions referred to in the assignment as special exceptions are not given or referred to in the statement, nor are the grounds of the ruling complained of shown either by the propositions or statement, and we have no means of know-

ing what issues were raised, and consequently determined without searching the transcript, which we are not required to do. We there find, however, three distinct exceptions, each raising a different objection to the plea, the first being that it was not sworn to. Whether or not the plea was sworn to when the ruling was made does not appear from the statement, which merely refers to the pages of the transcript for the plea. If we turn to the transcript we find the jurat bears date October 28, 1902, which was the next day after the ruling complained of seems to have been made. The brief itself should have informed us in some way of what was involved in the ruling complained of, which was not done by a bare reference to the plea.

The most serious question in the case is whether the State can recover more than one penalty where there have been two or more breaches of a liquor dealer's bond. But as this question has not been briefed, or even suggested, and as we have already affirmed a judgment for $1500 in a similar case, Geo. Sealfi & Co. v. The State, in which, too, the question was not raised, and as the meaning of the statute is not entirely clear, the judgment will not be disturbed.

*Affirmed.*